**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD THOMAS, | No. C15-00509 CRB |
| Plaintiff, | **ORDER VACATING HEARING AND GRANTING MOTION TO STAY** |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL., | |
| Defendants. | |

Now calendared for a hearing on April 10, 2015 is Defendant State Farm's Motion to Stay the Action Until Completion of Binding Contractual Arbitration (dkt. 9). The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), VACATES the hearing, and GRANTS the Motion.

This case arises out of Plaintiff Richard Thomas's car accident with an uninsured motorist. See generally Notice of Removal (dkt. 1) Ex. 1. Thomas brings suit against his insurer, State Farm, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief and negligence in State Farm's handling of Thomas's claims. Id. Specifically, Thomas alleges that State Farm failed to pay some of his medical bills, to compensate him for the actual value of his vehicle, to provide a coverage position on his vandalism claim, and to provide him with clear coverage information about his bodily injury and loss of earning claims. Id. ¶ 13. He also alleges that State Farm needlessly forced

1  him to retain legal counsel to obtain a default judgment against the uninsured motorist.
2  Id. ¶ 14.
3      State Farm moves to stay this case, arguing that Thomas's "claim has not yet been
4  arbitrated as required under the arbitration provision of the policy." Mot. at 3.  Thomas
5  concedes that "the uninsured motorist claim is already going to binding arbitration," but
6  argues that he is not "ask[ing] this Court to decide the uninsured motorist claim." Opp'n
7  (dkt. 13) at 2.[1]  He maintains that the arbitration will decide only whether he is legally
8  entitled to collect damages from the uninsured motorist, and if so, the amount of damages,
9  and that "this bad faith case . . . does not involve" those questions. Id. at 2, 3.
10     But this case does involve those questions.  Whether the uninsured motorist claim has
11 merit has some bearing on whether State Farm acted negligently, or in bad faith, or in breach
12 of its contract, in processing that claim the way it did. See, e.g., Morello v. Amco Ins. Co.,
13 No. 11-6623, 2012 WL 19493 87, at *2 (N.D. Cal. May 29, 2012) ("whether and to what
14 extent plaintiff is entitled to UIM benefits will affect, inter alia, plaintiff's claims for breach
15 of the implied covenant of good faith and fair dealing, infliction of emotional distress, and
16 for unfair business practices.").  The uninsured motorist claim is certainly at issue in this
17 case. See, e.g., Notice of Removal Ex. 1 ¶ 4 ("As a result of the accident, Plaintiff sustained
18 property damage to his vehicle, bodily injuries, and lost earnings."); ¶ 29 ("State Farm owes
19 a duty to Plaintiff to provide him with reimbursement for the damages that he suffered as a
20 result of his accident with an uninsured motorist. . . . Despite the clear duty, State Farm, and
21 DOES 1-5, to date have refused to do so."); ¶ 33(h) (alleging bad faith in "[n]ot attempting in
22 good faith to effectuate prompt, fair, and equitable settlements of Plaintiff's claims at the
23 time when liability became reasonably clear"); ¶ 33(i) (alleging bad faith in "[c]ompelling

---

[1] He also argues that the Court lacks jurisdiction over this case, claiming that there is no diversity under 28 U.S.C. § 1332(c)(1)(A), and promising a motion to remand advancing this same argument. Id.  However, following State Farm's Reply in this matter (dkt. 14), which argued that "the instant lawsuit is not a 'direct action' precluding diversity jurisdiction under § 1332(c)(1)(A)," id. at 1, Thomas withdrew his Motion to Remand, see Notice to Withdraw (dkt. 15), and, presumably, this argument. In any case, State Farm is correct that this is not a "direct action" under § 1332(c)(1)(A). See Searles v. Cincinnati Ins. Co., 998 F.2d 728, 728–29 (9th Cir. 1993) (bad faith action against a plaintiff's own insurer not a direct action).

1  Plaintiff to institute litigation to recover amounts due under the insurance policies by offering
2  less than the amounts Plaintiff expects to receive and in some cases by not offering anything
3  at all").

4      A stay pending completion of the arbitration is therefore appropriate, both under the
5  Federal Arbitration Act and in the interest of judicial efficiency. <u>See</u> Federal Arbitration Act,
6  9 U.S.C. § 3 (2012) (if an arbitration agreement covers an issue, a court must "stay the trial
7  of the action until such arbitration has been had in accordance with the terms of the
8  agreement."); <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936) (power to stay is "incidental
9  to the power inherent in every court to control the disposition of the causes on its docket with
10 economy of time and effort for itself, for counsel, and for litigants.").[2]

11     For the foregoing reasons, the Court GRANTS State Farm's Motion to Stay the
12 Action Until Completion of Binding Contractual Arbitration and STAYS the case. The
13 parties shall promptly notify the Court when the arbitration is complete.

14     **IT IS SO ORDERED.**

16 Dated: April 2, 2015

                                                CHARLES R. BREYER
17                                                 UNITED STATES DISTRICT JUDGE

---

28    [2] The Court does not rely on State Farm's argument that California Code of Civil Procedure § 1281.4 applies; that section explicitly relates to "an issue involved in an action or proceeding before a court of [California]." <u>See generally</u> Mot.; Cal. Code Civ. Proc. § 1281.4.